```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

-------------------------------- x
COLONY GRILL DEVELOPMENT, LLC,   :
and FAIRFIELD COLONY, LLC,       :
                                 :
     Plaintiffs and              :
     Counterclaim-Defendants,    :
                                 :
v.                               :
                                 :
COLONY GRILL, INC., and COLONY   :
GRILL OF STAMFORD, LLC,          :
                                 :  Civil No. 3:20-cv-213 (AWT)
     Defendants and              :
     Counterclaim-Plaintiffs,    :
                                 :
v.                               :
                                 :
PAUL CONIGLIO, KENNETH M.        :
MARTIN, CODY L. LEE, and         :
CHRISTOPHER DRURY,               :
                                 :
     Counterclaim-Defendants.    :
-------------------------------- x
```

**ORDER RE EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL**

The Emergency Motion by Colony Grill, Inc. for Injunction Pending Appeal (ECF No. 377) is hereby DENIED.

In Agudath Israel of America v. Cuomo, the Second Circuit explained the governing standard for the instant motion:

> To obtain an injunction from a district court, movants generally bear the burden of showing that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. [Winter v. Nat. Res. Def. Council, 555 U.S. 7, 20 (2008).] . . . . To obtain a stay of a district court's order pending appeal, more is required, including a "strong showing that [the movant] is

-1-

> likely to succeed on the merits." *New York v. U.S. Dep't of Homeland Sec.*, 974 F.3d 210, 214 (2d Cir. 2020).

980 F.3d 222, 225-226 (2d Cir. 2020).

As explained by the court on August 10, 2021, the court concluded that Colony Grill, Inc. ("CGI") and the other counterclaim-plaintiff, Colony Grill of Stamford, LLC, had not met their burden with respect to any of the four factors to be considered in connection with the motions for a preliminary injunction. As the court discussed on August 10, and as is pointed out by the counterclaim-defendants in their opposition (see Countercl.-Defs.' Opp. to Defs.' Emergency Mot. for Injunction Pending Appeal ("Countercl.-Defs.' Mem."), ECF No. 378), CGI will not suffer irreparable harm. First, "[t]he assertion by the counterclaim plaintiffs that they will suffer irreparable harm to the goodwill of their brand or the loss of control over their business, or harm to their ability to compete are not supported by evidence." Tr. of Oral Ruling on Defs.'/Countercl. Pls.' Mots. for Prelim. Injunction ("Oral Ruling") (ECF No. 368) at 7:23-8:2. Second, any harm to the counterclaim-plaintiffs from the continued operation of the Colony Grill restaurants by the counterclaim-defendants can be remedied by money damages, which can be measured based on the parties' agreement in the license agreements. See id. at 8:9-14. Third, there is no threat of CGI losing sales or of interference

with its ability to compete because there is no evidence that CGI has any plans to actually compete in the restaurant business. See id. at 8:2-8. In addition, the court found that "there is currently no danger of confusion or defrauding the public because the counterclaim defendants are the only ones operating Colony Grill restaurants," id. at 9:21-10:2, and that "the counterclaim defendants are currently doing the most significant work to maintain the goodwill of the brand, and by all accounts, their efforts have only enhanced the value of the brand," id. at 8:2-8.

To obtain the relief CGI seeks here, it has to make a strong showing that it is likely to succeed on the merits. On August 10, 2021, the court explained why, on a number of claims, the counterclaim-plaintiffs failed to demonstrate a likelihood of success on the merits, much less a substantial likelihood of success on the merits. While the court concluded with respect to the claims for trademark infringement and unfair competition that there were sufficiently serious questions going to the merits to make them a fair ground for litigation, that falls well short of a strong showing that CGI is likely to succeed on the merits.

Moreover, the court's analysis has not changed with respect to the fact that the balance of hardships would clearly be borne by the counterclaim-defendants and that the public interest

strongly favors denying the motions for a preliminary injunction.

Finally, the court notes that the counterclaim-defendants are correct when they state that "the issue of the Florida restaurants was squarely in front of the Court at the week-long preliminary injunction hearing," Countercl.-Defs.' Mem. at 8, and the court agrees that representations by the counterclaim-defendants that they had a plan for voluntarily rebranding all their restaurants was not a factor that persuaded the court to deny the motions for a preliminary injunction.

It is so ordered.


Dated this 4th day of October 2021, at Hartford, Connecticut.


                                            /s/AWT
                                  Alvin W. Thompson
                       United States District Judge